# EXHIBIT A

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CLIVE DENNIS,
                        Plaintiff,

        -against-                              COMPLAINT


UNITED PARCELSERVICE INC., and,
LOCAL 804, L.B.T. UNION,            JURY DEMAND
                        Defendants.
------------------------------------------------------
```



JUDGE BAER
07 CIV 9754

        Plaintiff CLIVE DENNIS (hereinafter "Plaintiff"), by his attorneys, The Law Offices of S. FELIX NGATI complaining of the defendants, UNITED PARCEL SERVICE INC.(hereinafter "Defendant UPS"), and LOCAL 804 L.B.T. UNION, (hereinafter "defendant UNION") upon information and belief, respectfully allege as follows:

## NATURE OF THE ACTION

        1.      This action is brought to remedy discrimination in employment and retaliation for complaining about discriminatory terms, conditions, and privileges of employment on the basis of race and National origin pursuant to Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Civil Rights Act of 1866, as amended, § 1981, the New York State Executive Law (Human Rights Law § 296), and the Administrative Code of the City of New York, §§ 8-107.1(a) et seq.

2. Plaintiff seeks injunctive and declaratory relief, compensatory and other legal and equitable relief pursuant to Title VII, New York State Human Rights Law, and New York City Administrative Code.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on the United States District Court by the afore-mentioned statutes as well as by 28 U.S.C. §§ 1331 and 1343. The Court's supplemental jurisdiction is based on New York State Executive Law § 296 (Human Rights Law), and pendant jurisdiction over New York State law and common law claims.

4. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions and injuries that form the basis of plaintiff's claim brought under New York Human Rights Law, § 296 (Executive Law) and New York City Administrative Code.

5. The unlawful employment practices alleged in this complaint were committed in the Southern District of New York and venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

6. Plaintiff CLIVE DENNIS is a black male of Jamaican national origin and resides at 10915 Merrick Blvd, Jamaica, New York 11433, within the jurisdiction of this Court.

7. Plaintiff was, at all relevant times, an employee of the defendant UPS whose office is located at 643 West 43rd Street, New York, New York.

8. Upon information and belief, and at all relevant times, the defendant UPS was and still is a corporation organized under the laws of one of the States of United States of America, is qualified to do business in the State of New York and does business in the State of New York at 643 West 43rd Street, New York, New York.

9. Upon information and belief, and at all relevant times, the defendant UNION was and still is a Local Union organized under the State of New York, and had entered into a collective bargaining agreement with plaintiff and other union workers of defendant UPS for fair representations regarding employment related matters against defendant UPS..

10. Upon information and belief, and at all relevant times, the defendant had and still has in its employment more than five hundred employees, is engaged in an industry that affects interstate commerce within the meaning of 29 U.S.C. § 630(h) and is an employer within the meaning of section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, and § 296 of the New York State Human Rights Law.

## ADMINISTRATIVE PROCEDURES

11. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action.

12. Plaintiff timely filed charge of discrimination against the defendant with the Equal Employment Opportunity Commission "EEOC" within three hundred days of the last act of discrimination complained of herein in accordance with the requirements of the Civil Rights Act of 1964.

13. Plaintiff received "Notice of Right to Sue" (annexed hereto) on August 06, 2007 and this action is filed within ninety days of receipt of the Notice of Right to Sue. Prior to the commencement of this action, the EEOC has not filed any action, nor entered into any conciliation agreement regarding the allegations in this complaint.

## FACTUAL ALLEGATIONS

14. At all relevant times herein, Plaintiff began his employment with the defendant UPS on or about May 16, 1990 and rose up to the level of a driver.

15. At all relevant times herein, and during his employment with the defendant corporation for 16 years, plaintiff's work performance was above satisfactory.

16. At all relevant times herein, Plaintiff was discriminated against in compensation and other terms, conditions, and privileges of employment on account of his National origin - Jamaican Carribean and his black race and in retaliation for complaining about the defendant's discriminatory practices.

17. At all relevant times herein, plaintiff's immediate supervisor for the past four years has consistently and verbally told plaintiff that he does not like black Jamaicans and has done everything unlawful to terminate plaintiff's employment, such as refusing to allow plaintiff to benefit from Workers Compensation, accusing plaintiff of falsifying medical records, refusing to give plaintiff tolls for performing their jobs, unlawfully terminating plaintiff on several occasions without cause.

18. At all relevant times herein, plaintiff had unlawfully terminated plaintiff's employment on several occasions and had been re-instated after plaintiff filed and won its case before the New York State Human Rights Commission; The New York State Workers Compensation; the New York State Un-employment Board, and some few Union interventions.

19. At all relevant times herein, plaintiff reported these discriminatory acts to top management officials who failed to curb, stop or counsel plaintiff's supervisor, but condoned, and wilfully allow plaintiff's supervisor to discriminate by mistreating plaintiff at the work place as he pleased.

20. That on or about October 6, 2006, plaintiff allegedly lost one of three plastic bags that he was scheduled to pick up at a Manhattan location.

21. That plaintiff went into the pick up location on the said day, picked up three clear bags and upon return, his truck was blocked by another delivery truck..

22. That plaintiff called his office immediately to report the delay, at which time, he had placed the bags down on the curb to make the call and thereafter continued to run around the area looking for the truck driver whose truck had blocked his truck.

23. That at some point after plaintiff called in, one of the three bags was stolen when plaintiff left them on the curb to squeeze into a narrow space in the back of his truck to obtain the tag number of the truck blocking his truck as requested by defendant UPS

24. That defendant UPS had immediately despatched its security personnel to the said pick up location when plaintiff made the first phone call to report the delay.

25. Upon knowledge and information, the security personnel of the defendant UPS had picked up one the alleged missing bag when they arrived the scene and plaintiff was busy pacing back and forth to find the other truck driver, and that defendant UPS never revealed this fact to plaintiff, wherein plaintiff may have simply been cautioned against negligence.

26. That plaintiff's supervisor again took advantage of the situation to immediately wrongfully and unlawfully terminate plaintiff's had earned 16 years employment and to falsely accuse the plaintiff of stealing a valuable package.

27. That the package had no value as expressed by defendant UPS because the packages were picked up without being accompanied by security as a matter of policy..

28. That other non black Jamaican Carribean employees working under the same supervisor have lost bags under same circumstances and they were not written off or terminated as was done to the plaintiff.

29. That plaintiff was defamed and wrongfully terminated on October 19, 2006.

30. That defendant Union breached its collective agreement with plaintiff by unfairly representing plaintiff at the Arbitration hearing in this matter.

31. That defendant Union's unfair representation was so pervasive and purposefully done to aid defendant UPS's discrimination against the plaintiff because of his color (black) and national origin (Jamaican - Carribean)

32. That plaintiff suffered damage as a result of the breach of the collective bargaining agreement by its unfair representation of the plaintiff, and for aiding in discriminating against the plaintiff based on plaintiff's is color and national origin.

33. Plaintiff was treated in a disparate manner and subjected to defendant's unfair policies and practices in that plaintiff was treated unequal and unlike non black employees similarly situated with the defendants. Such unfair policies and practices both limited plaintiff in his job classifications, job assignments, wages and other benefits because of plaintiff's race and further resulted plaintiff's termination.

34. Plaintiff was given different terms and conditions of employment because of his black race and in retaliation for his good faith complaint of being treated in a discriminatory manner by the defendant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, the New York State Executive (Human Rights) Law, § 296 and NYC Administrative Code.

35. Plaintiff suffered humiliation, mental anguish, severe emotional distress and injury to reputation as a result of the aforesaid treatment received from the defendants.

36. Plaintiff has incurred and continue to incur medical costs and expenses as a result of the physical distress, emotional and mental agony to which he was subjected by the defendant during his employment with the defendants.

37. Plaintiff hereby demands a jury trial of this action.

38. Plaintiff has no adequate remedies at law.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

### A. *AGAINST DEFENDANT UPS*

1. **Under the Civil Rights Act of 1964, as amended, and under § 1981 of the Civil Rights Act of 1866:**

i. An order granting plaintiff back pay, front pay, reinstatement to his former position at defendant employer, reimbursement for fringe benefits, bonuses, and other appropriate relief to redress the discriminatory practices complained of herein;

ii. An order ordering defendants to pay to plaintiff compensatory damages for pain and suffering, and for the humiliation, emotional distress and mental anguish inflicted upon plaintiff as a result of the discrimination he was subjected to, in an amount to be proved at trial;

iii. An order enjoining defendant employer and its managers or officers from

committing or allowing any future unlawful discrimination against plaintiff;

iv. In light of the foregoing, awarding plaintiff punitive damages against the defendant;

v. awarding attorney's fees, costs and disbursements of this action;

vi. that the Court order such other equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

vii. awarding such further relief as the Court may deem just and proper in the circumstance.

2.   **Under New York State Human Rights Law:**

i. ordering defendant corporation to pay plaintiff the difference between his compensation and that of similarly situated Whites who were paid more than plaintiff in an amount to be proved at trial with interest, and in accordance with proof;

ii. an order granting plaintiff back pay, front pay, reinstatement to his former position at defendant employer, reimbursement for fringe benefits, bonuses, and other appropriate relief to redress the discriminatory practices complained of herein;

iii. ordering defendants to pay to plaintiff compensatory damages for pain and suffering, and for the humiliation, emotional distress and mental anguish inflicted upon plaintiff as a result of the discrimination he was subjected to, in an amount to be proven at trial;

iv. an order enjoining defendant employer and its managers or officers from

committing or allowing any future unlawful discrimination against plaintiff;

v. awarding plaintiff costs and disbursements of this action;

vi. that the Court order such other equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

vii. awarding such further relief as the Court may deem just and proper in the circumstance.

3. **Under the New York City Administrative Code:**

i. an order granting plaintiff back pay, front pay, reinstatement to his former position at defendant employer, reimbursement for fringe benefits, bonuses, and other appropriate relief to redress the discriminatory practices complained of herein;

ii. ordering defendants to pay to plaintiff compensatory damages for pain and suffering, and for the humiliation, emotional distress and mental anguish inflicted upon plaintiff as a result of the discrimination he was subjected to, in an amount to be proven at trial;

iii. an order enjoining defendant employer and its managers or officers from committing or allowing any future unlawful discrimination against plaintiff;

iv. In light of the foregoing, awarding plaintiff punitive damages against the defendant;

v. Awarding attorney's fees, costs and disbursements of this action;

vi. That the Court order such other equitable and injunctive relief as it deems

appropriate and necessary to correct the conditions of discrimination complained of herein;

vii. awarding such further relief as the Court may deem just and proper in the circumstance.

### 4. Wrongful Termination under New York State Law.

i. For falsely and unlawfully terminating plaintiff's employment.

ii. For causing plaintiff to suffer emotional distress from numerous false accusations

iii. awarding such further relief as the Court may deem just and proper in the circumstance.

### 5. Defamation of Character under New York State Law.

i. For making false representations about the plaintiff that he is a thief and a fraud.

ii. For lowering plaintiff in the minds of right thinking people in the society.

iii. For Causing plaintiff to suffer sever emotional distress accordingly.

iv. Awarding such further relief as the Court may deem just and proper in the circumstance.

## B. *AGAINST DEFENDANT LOCAL 804, L.B.T.*

### 1. Unfair Representation

i. For breach of the bargaining agreement that defendant Union will fairly represent plaintiff in case of any dispute with the defendant UPS employer in exchange for the payment of union dues.

ii. For aiding defendant Union in its discrimination against the plaintiff in that the legal representation offered was a sham and so perverse that in itself is discrimination against the plaintiff based on his black race and national origin of Jamaica - Carribean.

iii. In light of the foregoing, awarding plaintiff punitive damages against the defendants;

iv. Awarding attorney's fees, costs and disbursements of this action;

v. That the Court order such other equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

vi. Awarding such further relief as the Court may deem just and proper in the circumstance.

Dated:    Brooklyn, New York
          November 02, 2007

LAW OFFICES OF S. FELIX NGATI

By: _____
S. FELIX NGATI, Esq. (SFN-4150)
Attorneys for Plaintiff
1203 Nostrand Avenue
Brooklyn, New York 11225
(718) 735 - 0008

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Clive Dennis
120-55 166th Street 1 Floor
Jamaica, NY 11434

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2007-01327 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_[signature]_
Spencer _____, Jr.,
Director

7/30/07
(Date Mailed)

cc: UNITED PARCEL SERVICE, INC.
55 Glenlake Parkway N.E.
Atlanta, GA 30328
Attn: Legal Department

Akin Gump Strauss Hauer & Feld, LLP
590 Madison Ave, 26th Fl.
New York, NY. 10022
Attn: Jessica L. Maroney