Jonathan L. Sulds (JS-4674)
Jonathan L. Israel (JI-5882)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Attorneys for Defendant United Parcel Service, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

CLIVE DENNIS,                                              :
                                                          :    Index No. 07-Civ-9754 (HB)
                              Plaintiff,                  :
                                                          :
              -against-                                   :
                                                          :
UNITED PARCEL SERVICE, INC. and                           :
LOCAL 804, I.B.T. UNION,                                  :
                                                          :
                              Defendants.                 :

----------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## OF DEFENDANT UNITED PARCEL SERVICE, INC., FOR JUDGMENT ON THE
## PLEADINGS AND DISMISSAL OF THE COMPLAINT UNDER FED. R. CIV. P. 12(c)

# **TABLE OF CONTENTS**

NATURE OF THE CASE.................................................................................................3

ARGUMENT...................................................................................................................7

    I.  THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII........................7

        A.  Plaintiff Has No Valid or Viable Discrimination Claim Under Title VII..........7

            1.  Plaintiff Has Failed To Exhaust His Administrative Remedies .............7

            2.  Plaintiff Does Not – And Cannot – State A Claim of Race
                 And National Origin Discrimination.........................................................8

        B.  Plaintiff Pleads, And Has, No Valid Retaliation Claim Under Title VII..........11

    II.  UPS IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING
       PLAINTIFF'S STATE AND LOCAL LAW CLAIMS.................................................13

    III.  UPS IS ALSO ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING
         PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1981 ..................................................15

    IV.  UPS IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING
         PLAINTIFF'S DEFAMATION CLAIM ...................................................................17

        A.  Plaintiff Had Not Sufficiently Pled A Claim Of Defamation..........................17

        B.  Any Alleged Defamatory Statements Are Either Barred Under the Applicable
           Statute of Limitations Or Protected By An Absolute Privilege........................18

        C.  Plaintiff's Defamation Claim is Preempted by LMRA § 301 ..........................20

    V.  PLAINTIFF'S WRONGFUL TERMINATION CLAIM IS PREEMPTED
       BY LMRA § 301 ....................................................................................................21

CONCLUSION...............................................................................................................22

# TABLE OF AUTHORITIES

## CASES

*Ad-Hoc Comm. Of Baruch Black & Hispanic Alumni Ass'n. v. Bernard M. Baruch College*, 835 F.2d 980 (2d Cir. 1987) ..................................................7

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)...................................................21

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................2, 7, 10, 11

*Benson v. N. Shore-Long Island Jewish Health Sys.*, 482 F. Supp. 2d 320 (E.D.N.Y. 2007)..........................................................................................16

*Carroll v. United Parcel Service, Inc.*, 2000 U.S. App. LEXIS 21268 (2d Cir. Aug. 21, 2000).................................................................................14

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)........................................12

*Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000) .........................................13

*D'Amato v. Southern Conn. Gas Co., 97-CV838*, 2000 U.S. Dist. LEXIS 18960 (D. Ct. Sept. 8, 2000) ......................................................................20, 21

*DeCintio v. Westchester County Med. Ctr.*, 821 F.2d 111 (2d Cir. 1987)....................16

*Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453 (S.D.N.Y. 2007)..............11

*DuPont v. Stroheim & Romann, Inc.*, No. 86 Civ. 198, 1986 U.S. Dist. LEXIS 17445 (S.D.N.Y. Nov. 20, 1986) ......................................................................11

*Dugan v. Martin Marietta Aerospace*, 760 F.2d 397 (2d Cir. 1985).........................9, 10

*Forbes v. State Univ. of N.Y.*, 259 F. Supp. 2d 227 (E.D.N.Y. 2003) ....................13, 14

*Gilani v. NASD*, 96 CV 8070, 1997 U.S. Dist. LEXIS 12287 (S.D.N.Y. Aug. 18, 1997) ..............8

*Gold v. Berkin*, 00 Civ. 7940, 2001 U.S. Dist. LEXIS 1206 (S.D.N.Y. Feb. 9, 2001)................19

*Harrison v. N.Y. City Hous. Auth.*, 01 Civ. 3664, 2001 U.S. Dist. LEXIS 21551 (S.D.N.Y. Dec. 20, 2001)........................................................................12

*Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998).................................16

*Hollander v. American Cyanamid Co.*, 895 F.2d 80 (2d Cir. 1990)...............................12

*Hylton v. RY Mgmt.*, 05 CV 6710, 2006 U.S. Dist. LEXIS 51364 (S.D.N.Y. July 25, 2006) ......................................................................11, 20

*Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620 (8th Cir. 1989) ............................20

*Johnson v. County of Nassau*, 411 F. Supp. 2d 171 (E.D.N.Y. 2006).....................16

*Jones v. Consumer Info. Dispute Resol.*, Case No. 06-CIV-1809, 2007 U.S. Dist. LEXIS
      60241 (S.D.N.Y. Aug. 15, 2007) ............................................................10, 11

*Keady v. Nike, Inc.*, 116 F. Supp. 2d 428 (S.D.N.Y. 2000) .....................................18

*Lacher v. Engel*, 33 A.D.3d 10, 2006 N.Y. App. Div. LEXIS 8132 (1st Dept 2006) ..................19

*Lambert v. New York State Office of Mental Health*, No. 97 Civ. 1437, 2000 WL 574193
      (E.D.N.Y. Apr. 24, 2000)..............................................................................12

*Laramee v. Jewish Guild for the Blind*, 72 F. Supp. 2d 357 (S.D.N.Y. 1999) ..............15

*Lennon v. NYC Health & Hosp. Corp.*, No. 03 Civ. 2427, 2005 WL. 2464687
      (S.D.N.Y. Oct. 6, 2005) ................................................................................14

*In Re Leslie Fay Companies, Inc.*, No. 97-Civ. 2244, 1997 WL. 555607
      (S.D.N.Y. Sept. 4, 1997)...............................................................................15

*Lettis v. United States Postal Serv.*, 39 F. Supp. 2d 181 (E.D.N.Y. 1998) .....................19

*Little v. NBC*, 210 F. Supp. 2d 330 (S.D.N.Y. 2002)................................................8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ...................................9, 10

*McNulty v. New York City Dep't of Fin.*, 45 F. Supp. 2d 296 (S.D.N.Y. 1999) ..............14

*Mendez v. City of N.Y. Human Res. Admin., No.*, 04 Civ. 0559, 2005 U.S. Dist. LEXIS
      24632 (S.D.N.Y. Oct. 24, 2005) ...............................................................16, 20

*Mendoza v. SSC&B Lintas*, 799 F. Supp. 1502 (S.D.N.Y. 1992).............................16

*Meyer v. Zubak*, 97 Civ. 1395, 2000 U.S. Dist. LEXIS 1216 (S.D.N.Y. 2000) ..............18

*Mills v. Miteq, Inc.*, CV 06-752, 2007 U.S. Dist. LEXIS 76488 (E.D.N.Y. Sept. 14, 2007).........18

*Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879 (S.D.N.Y. 1995)..........................14

*Munno v. Town of Orangetown*, 391 F. Supp. 2d 263 (S.D.N.Y. 2005) ..........................9

*O'Rourke v. Carmen M. Pariso, Inc.*, 06-CV-667A(F), 2007 U.S. Dist. LEXIS 60663
      (W.D.N.Y. July 19, 2007)..............................................................................21

*Pearson v. Bd. of Educ.*, 499 F. Supp. 2d 575 (S.D.N.Y. 2007)................................9

*Peek v. Philadelphia Coca-Cola Bottling Co.*, 97-3372, 1997 U.S. Dist. LEXIS 10138 (E.D. Pa. July 8, 1997) ..................................................................................................20

*Reyes v. City Univ. of, N.Y.*, 06-C 2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. July 26, 2007) .........................................................................................................................12

*Scaglione v. Chappaqua Cent. Sch. Dist.*, 209 F. Supp. 2d 311 (S.D.N.Y. 2002) ......................13

*Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836 (S.D.N.Y. 2000)....................................17, 18

*Snyder v. Consolidated R. Corp.*, 87-C 1988 U.S. Dist. LEXIS 9614 (N.D.N.Y. Sept. 2, 1988) ......................................................................................................................20

*Stuart v. Helmsley-Spear, Inc.*, 96 Civ. 2958, 1997 U.S. Dist. LEXIS 8759 (S.D.N.Y. June 19, 1997), *aff'd* 1998 U.S. App. LEXIS 23297 (2d Cir. Sept. 21, 1998)..................10

*Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273 (S.D.N.Y. 2002) ...........9

*Walsh v. Nat'l Westminster Bancorp*, 921 F. Supp. 168 (S.D.N.Y. 1995) .......................................8

*Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) ....................................15

*Winkfield v. N.Y.C. Dept of Correction*, No. 97 Civ 2183, 1998 WL. 778390 (S.D.N.Y. Nov. 6, 1998) .............................................................................................15

*Wilson v. Family Dollar Store*, 06-CV-639, 2007 U.S. Dist. LEXIS 23083 (E.D.N.Y. Mar. 29, 2007) ...........................................................................................7, 8

*York v. Ass'n. of the Bar of the City of New York*, No. 00 Civ. 5961, 2001 U.S. Dist. LEXIS 9457 (S.D.N.Y. July 9, 2001) .............................................................................14

## STATUTES

42 U.S.C. § 1981.................................................................................................2, 15, 16, 17

42 U.S.C. § 2000e-5.......................................................................................................7

Fed. R. Civ. P. 12(c) ...........................................................................1, 2, 7, 9, 11, 17, 18, 20, 21

N.Y. Civ. Prac. L. & R. § 215(3).......................................................................................19

N.Y.C. Admin Code § 8-502(a).........................................................................................14

Defendant United Parcel Service, Inc. ("UPS" or the "Company"), respectfully submits this memorandum of law in support of its motion for judgment on the pleadings and dismissal of Plaintiff's Complaint under Rule 12(c) of the Federal Rules of Civil Procedure.

This is a case in which a neutral labor arbitrator categorically found that UPS had just cause to terminate Plaintiff's employment. In so holding, the arbitrator made the following notable observation:

> [E]very discharge looks to the future. It asks whether, notwithstanding the transgressions committed, the errant employee can be trusted . . . Here, the Company's ability to give good service and to protect the valuable products it is transporting from loss, in its many forms, depends greatly on the integrity of its Drivers and Loaders, among other job titles. *[Plaintiff] cannot be relied on to fulfill this trust.* Answer, Ex. 4 at 27 (emphasis added)[1]

In fact, the New York State Division of Human Rights ("SDHR"), further underscoring why there is no reason this case should proceed beyond the pleadings stage, found there to be *no probable cause* for Plaintiff's unsupported discrimination claims, which Plaintiff blithely and without regard to the controlling law attempts to reassert here. *See* Answer, Exs. 7, 8.

Indeed, the labor arbitrator also found that Plaintiff was totally dishonest in his version of the events surrounding his termination, the very rendition Plaintiff would seek to resurface here:

---

[1] For the Court's convenience, true and correct copies of Plaintiff's Complaint ("Compl.") and UPS's Answer are attached as Exhibits 1 and 2, respectively, to the Affidavit of Evandro C. Gigante, Esq. in Support of UPS's Motion for Judgment on the Pleadings, dated March 27, 2008, accompanying this Memorandum.

Th[is] Arbitrator has heard thousands of cases over the last twenty years. He cannot recall one where he had so frequently indicated in the margins of his notes how many times [Plaintiff] had lied. It was shocking, and the Arbitrator can well understand [the UPS labor manager's] frustration over the fact that he and other investigators had repeated difficulty in getting a straight answer or consistent ones from [Plaintiff]. *Id.* at 24.

[T]he Company had the right to conclude that, like a moving target in a carnival shoot booth, [Plaintiff's] versions of the events were never the same and were filled with deliberately evasive answers. *Id.* at 25.

Against this backdrop, UPS moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because on the pleadings, it is crystal clear that UPS is entitled to judgment as a matter of law. No principle of any kind could justify squandering judicial resources and imposition of significant litigation expenses that will be involved if this case is not dismissed on the pleadings.

UPS is entitled to judgment on the pleadings as to Plaintiff's claims because:

- Plaintiff has failed to exhaust his administrative remedies as required by Title VII of the Civil Rights Act.

- Under *Bell Atlantic v. Twombly*,[2] and its progeny, Plaintiff does not state any viable discrimination claims – he has completely failed to plead that he is qualified for the position he held as a UPS driver and has plead no facts giving rise to an inference of discrimination.

- Plaintiff has failed to plead – and indeed could not plead – a causal connection between any protected activity and his discharge, so his retaliation claim fails. Indeed, in light of the arbitrator's award, he could not plead such a connection in order to satisfy the *Bell Atlantic* standard.

- Plaintiff's state and local claims fail both because of each of the reasons noted above, and because Plaintiff previously elected to pursue his state law claims in the administrative forum of the New York State Division of Human Rights (which dismissed those claims for want of probable cause). As a matter of law, that election bars Plaintiff from proceeding on those claims here.

---

[2] 127 S.Ct 1955, 167 L.Ed. 2d 929 (2007)

- Any and all claims arising on or before April 13, 2006 are clearly barred by the release Plaintiff executed on that date, which resulted in a complete release of many of the same claims asserted in this action.

- Plaintiff's claim under 42 U.S.C. § 1981 fails because he has not met, and cannot meet, the pleading standards for such a claim, which are identical to those applied to Plaintiff's Title VII claims. Additionally, to the extent not waived in his April 2006 release of claims, Plaintiff's 1981 claims are also precluded by two "no probable cause" findings issued by the SDHR.

- Plaintiff's defamation claim fails because his conclusory allegations are insufficient as a matter of law and because his claim is barred by the one-year statute of limitations. Moreover, any alleged defamatory statements are also subject to an absolute privilege, and in any event, such claim is also preempted by § 301 of the Labor Management Relations Act ("LMRA"), and therefore subject to dismissal.

- Similarly, Plaintiff's wrongful termination claim is an impermissible attempt to relitigate his termination under the collective bargaining agreement between UPS and Plaintiff's Union. As such, it is also preempted by LMRA § 301; it too fails as a matter of law.

## NATURE OF THE CASE

Plaintiff began his employment with UPS in 1990. *See* Compl. ¶ 14. He subsequently became a package car driver and held that position until UPS terminated his employment on October 19, 2007. *See* Answer, Ex. 4 at 12. As a driver, Plaintiff worked out of UPS's facility in midtown Manhattan and was responsible for picking up and delivering customer packages in the area. *See id.* The terms and conditions of Plaintiff's employment were at all times governed by a collective bargaining agreement (the "CBA") between UPS and Defendant International Brotherhood of Teamsters, Local 804 ("Local 804"). *See id.*

On or around June 23, 2005, and prior to the events giving rise to this litigation, UPS terminated Plaintiff's employment in connection with his extended and unexplained absence from work. *See* Answer ¶ 18. Plaintiff challenged the termination by initiating a grievance through Local 804. *See id.* On February 21, 2006, Plaintiff also filed a complaint

against UPS with the SDHR alleging disability, race and national origin discrimination under federal and state laws (said SDHR action herein, "Dennis I"). *See* Answer, Ex. 1.

On April 13, 2006, Plaintiff and Local 804 entered into a settlement agreement with UPS pursuant to which Plaintiff was reinstated to his job as a driver in exchange for his (i) withdrawal with prejudice of the pending CBA grievance as well as the complaint in Dennis I,[3] and (ii) Plaintiff's release of *all* claims against UPS arising up to and as of the date of the agreement, April 13, 2006. *See* Answer, Ex. 2 (the "Settlement Agreement").

On October 6, 2006 (nearly six months after the settlement and release given by Plaintiff), Plaintiff was routinely dispatched to pick up packages at the UPS customer counter at One Rockefeller Center. *See* Answer, Ex. 4 at 4. Plaintiff drove to the location, parked his package car on the street and retrieved three bags of packages from the counter. When he returned to his package car, he found that it was blocked by another delivery vehicle on the street. *See id.* Then, while he walked around the area, Plaintiff admittedly left the bags of packages unattended, and one of them (containing eight packages of jewelry valued at nearly $30,000) became lost or stolen. *See* Compl. ¶¶ 22, 23; Answer ¶ 20, Ex. 4 at 8. Plaintiff contacted UPS and reported the packages stolen. *See* Answer, Ex. 4 at 15.

UPS immediately commenced an investigation, which included interviews of Plaintiff. During those interviews, Plaintiff's story changed numerous times as he recounted the circumstances of the alleged theft to various UPS security personnel, UPS's outside security contractor, and the New York City Police Department. *See* Answer, Ex. 4, at 3-14, 26. Not only were his accounts inconsistent from one to the next, but all of them ultimately were refuted by a video surveillance tape that was obtained by UPS from a store located near where Plaintiff's

---

[3] Shortly thereafter, Plaintiff withdrew his complaint in Dennis I. *See* Answer, Ex. 3 (SDHR's Order of Dismissal dated May 8, 2006).

package car had been parked and blocked at the time of the loss. *See id.* at 26. That tape revealed and confirmed that Plaintiff not only had left the subject packages unattended, but also that Plaintiff had been dishonest about key facts when providing information during the Company's investigation. *See id.*

Consequently, based on the loss of the packages and Plaintiff's lies and changing stories during the investigation, UPS put Plaintiff on notice of termination on October 19, 2006.[4] *See id.* at 2. Remarkably, on November 20, 2006, Plaintiff filed another complaint with the SDHR ("Dennis II"), alleging that UPS's action to terminate his employment was not due to his own misconduct, but was instead unlawful retaliation by UPS in response to his filing of Dennis I some *nine months earlier*. *See* Answer, Ex. 5.

Local 804 also challenged the termination via a grievance, which was submitted to arbitration before Arbitrator Elliott Shriftman. *See* Answer, Ex. 4. After four days of hearings, which included testimony from six witness, the presentation of contemporaneous investigatory reports, and a detailed review of the video surveillance tape confirming Plaintiff's dishonesty, Arbitrator Shriftman issued an Arbitration Award on January 7, 2007 holding that UPS had acted with just cause, sustaining the termination of Plaintiff's employment and making the following observations:

> Th[is] Arbitrator has heard thousands of cases over the last twenty years. He cannot recall one where he had so frequently indicated in the margins of his notes how many times [Plaintiff] had lied. It was shocking, and the Arbitrator can well understand [the UPS labor manager's] frustration over the fact that he and other investigators had repeated difficulty in getting a straight answer or consistent ones from [Plaintiff]. Answer, Ex. 4 at 24.

---

[4] Under the CBA, UPS does not discharge an individual in circumstances like these immediately, but instead places an employee on notice of termination pending the filing of a grievance by Local 804, during which time the employee remains on UPS payroll pending the outcome of the grievance. *See* Answer, Ex. 4 at 2.

[T]he Company had the right to conclude that, like a moving target in a carnival shoot booth, [Plaintiff's] versions of the events were never the same and were filled with deliberately evasive answers. *Id.* at 25.

[E]very discharge looks to the future. It asks whether, notwithstanding the transgressions committed, the errant employee can be trusted . . . Here, the Company's ability to give good service and to protect the valuable products it is transporting from loss, in its many forms, depends greatly on the integrity of its Drivers and Loaders, among other job titles. [Plaintiff] cannot be relied on to fulfill this trust. *Id.* at 27.

On January 17, 2007, Plaintiff filed yet *another* complaint with the SDHR ("Dennis III"), alleging that the Arbitrator's decision to uphold his termination constituted retaliation for his having filed Dennis II.[5] *See* Answer, Ex. 6. Relying on the evidence submitted, which plainly demonstrated that Plaintiff failed to secure the packages and provided several different accounts of the relevant events – none of which were consistent with the video surveillance tape, and all of which caused legitimate concern over Plaintiff's trustworthiness – the SDHR dismissed the complaints in both Dennis II and III on the merits. *See* Answer, Exs. 7, 8 ("the Division has determined that there is NO PROBABLE CAUSE to believe that [UPS] engaged in or is engaged in the unlawful discriminatory practice complained of").

Notwithstanding the failure of his claims before the SDHR and Arbitrator Shriftman, Plaintiff has now commenced this lawsuit.[6]

---

[5] Plaintiff's administrative complaints in Dennis I, II and III were all dual-filed with the SDHR and the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* Answer, Exs. 1, 5 and 6.

[6] Plaintiff also has alleged that his discharge by UPS was discriminatory before the New York State Workers' Compensation Board (Case No. DC 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) and the New York State Unemployment Insurance Board (A.L.J. Case No. 007-25071). Both agencies rejected his claims, concluding that UPS did not unlawfully discriminate against him in any way and that his discharge was due solely to his own misconduct.

**ARGUMENT**

## I.    <u>THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII</u>

### A.    <u>Plaintiff Has No Valid or Viable Discrimination Claim Under Title VII</u>

On two alternative independent grounds, Defendant is entitled to judgment under Rule 12(c) on Plaintiff's claim of national origin and race discrimination under Title VII of the Civil Rights Act:[7] (1) Plaintiff has failed to exhaust the required administrative remedies under Title VII, and (2) the Complaint does not – because Plaintiff cannot – state a claim of any such unlawful discrimination under the applicable legal standards.

#### 1.    <u>Plaintiff Has Failed To Exhaust His Administrative Remedies</u>

As a matter of law, Plaintiff is barred from pleading his claims of race and national origin discrimination against UPS because he failed to assert such claims in the underlying administrative charge of unlawful retaliation (Dennis III) filed with the EEOC. *See* 42 U.S.C. § 2000e-5 (as a precondition to bringing claims in court under Title VII, plaintiffs must first exhaust their administrative remedies by filing a charge with the EEOC or the corresponding state or local administrative agency); *Wilson v. Family Dollar Store,* 06-CV-639, 2007 U.S. Dist. LEXIS 23083, at *15-19 (E.D.N.Y. Mar. 29, 2007) (dismissing various discrimination claims based on plaintiff's failure to exhaust administrative remedies).

As alleged in the Complaint, Plaintiff's Title VII claims of unlawful race and national origin discrimination are premised on the EEOC's notice of right to sue issued in Dennis

---

[7] Federal Rule of Civil Procedure 12(c) permits UPS to move for judgment on the pleadings based on the grounds available under Rule 12(b), including, for example, for failure to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(c); *Ad-Hoc Comm. Of Baruch Black & Hispanic Alumni Ass'n. V. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir. 1987); *see also Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (stating that, while a complaint must be liberally construed, and all well-pled facts must be taken as true under Rule 12(b)(6), a plaintiff is obligated to provide "more than labels and conclusions" to establish a viable cause of action, instead "[f]actual allegations must be enough to raise a right to relief above the speculative level").

7

III (EEOC Case No. 16G-2007-01327). *See* Compl. ¶ 13; Answer, Ex. 6. However, in the administrative complaint filed in Dennis III (and, for that matter, in Dennis II) , Plaintiff did not assert any claim or allege any facts whatsoever concerning race or national origin discrimination. *See* Answer, Exs. 5, 6. Indeed, the complaints in Dennis III and Dennis II assert and address only UPS's alleged *retaliation* against Plaintiff for his filing of the administrative complaint in Dennis II and Dennis I, respectively.[8] *See id.* (charging UPS with "unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation").

Courts have routinely dismissed Title VII discrimination claims for failure to exhaust where, as here, the underlying administrative complaint contains only a claim and allegations of unlawful retaliation. *See Wilson*, 2007 U.S. Dist. LEXIS 23083, at *15-19; *Little v. NBC,* 210 F. Supp. 2d 330, 375 (S.D.N.Y. 2002), *Gilani v. NASD*, 96 CV 8070, 1997 U.S. Dist. LEXIS 12287, at *16 (S.D.N.Y. Aug. 18, 1997); *Walsh v. Nat'l Westminster Bancorp*, 921 F. Supp 168, 172 (S.D.N.Y. 1995).

Under *Little, Gilani,* and *Walsh*, Plaintiff has plainly failed to exhaust the administrative remedies on his Title VII claims of discrimination, and is barred from asserting those Title VII discrimination claims here.

## 2. Plaintiff Does Not – And Cannot – State A Claim of Race And National Origin Discrimination

In addition, Plaintiff's Title VII claims of race and national origin discrimination also fail because Plaintiff does not, and cannot, state a viable claim of any such discrimination as a matter of law.

---

[8] Plaintiff's only charge of race and national origin discrimination against UPS appeared in Dennis I, which Plaintiff filed with the EEOC and then subsequently both withdrew with prejudice and released under the terms of the Settlement Agreement. *See* Answer, Exs. 1-3.

In order to plead a valid claim of unlawful discrimination under Title VII, Plaintiff must allege, among other things, that: (1) he was qualified for his job (i.e., performed his job satisfactorily); (2) he suffered an adverse employment action under circumstances giving rise to an inference of discrimination, and (3) notwithstanding any legitimate reason offered by UPS for such adverse action, UPS actions were motivated by discriminatory intent. *See Pearson v. Bd. of Educ.*, 499 F. Supp. 2d 575, 595 (S.D.N.Y. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff's Complaint fails on essential elements. He has not – and cannot – plead that he was qualified for his job. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 400 (2d Cir. 1985) ("[i]n a discharge case, the requirement that the plaintiff be qualified for the job in question requires some allegations demonstrating satisfactory performance at the time of the discharge"). Indeed, the Complaint itself actually alleges Plaintiff's lack of qualification, including his failure to secure the high value packages at issue:

> [P]laintiff . . . had ***placed the bags down on the curb*** to make the call and thereafter continued to run around the area . . . [and] . . . one of three bags was stolen when plaintiff ***left them on the curb*** to squeeze into a narrow space in the back of this truck[.]

Complaint ¶¶ 22, 23 (emphasis added).

The Arbitrator's Award in the underlying arbitration (which is referenced, and thereby pled, in Plaintiff's Complaint (*see* Compl. ¶ 30))[9] further confirms Plaintiff's admitted lack of qualification with respect to not only the handling of the packages, but also his mendacity and lack of trustworthiness:

---

[9] Documents that are integral to a complaint, or incorporated by reference, even if they are not attached as an exhibit may properly be considered by a Court on a Rule 12(c) motion. *See Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) ("[i]n considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference . . ."); *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263 (S.D.N.Y. 2005).

> [T]he Company's ability to give good service and to protect the valuable
> products it is transporting from loss, in its many forms, depends greatly on
> the integrity of its Drivers and Loaders, among other job titles.  [Plaintiff]
> cannot be relied on to fulfill this trust.

Answer, Ex. 4 at 27.

Thus, under Plaintiff's allegations, including the Arbitrator's Award, Plaintiff

cannot claim that he was qualified for his job as a UPS driver.  *See Dugan*, 760 F.2d at 400

(dismissing claim where complaint "allege[s] facts that affirmatively demonstrate that [Plaintiff]

was not performing his job satisfactorily"); *see also Stuart v. Helmsley-Spear, Inc.*, 96 Civ. 2958,

1997 U.S. Dist. LEXIS 8759 (S.D.N.Y. June 19, 1997), *aff'd* 1998 U.S. App. LEXIS 23297 (2d

Cir. Sept. 21, 1998) (granting motion to dismiss where, based on testimony provided at an earlier

arbitration hearing, "there is considerable doubt as to whether the second element [of the prima

facie case] is satisfied.").

For much the same reason, Plaintiff's Complaint also fails to allege any

actionable inference or fact of discriminatory intent under *Bell Atlantic v. Twombly*.  *See* 127 S.

Ct. at 1964-65. *See also McDonnell Douglas*, 411 U.S. at 802; *Jones v. Consumer Info. Dispute

Resol.*, 06-Civ-1809, 2007 U.S. Dist. LEXIS 60241, at *7-8 (S.D.N.Y. Aug. 15, 2007).  Under

*Bell Atlantic*, Plaintiff's allegations of unlawful discrimination amount to mere "labels and

conclusions" that completely fail to "raise a right to relief above the speculative level." *See* 127

S. Ct. at 1965.

Plaintiff's own allegations clearly demonstrate his unsatisfactory performance; they

reference the Arbitration Award, which plainly held that Plaintiff's employment was terminated

due to his poor job performance and his mendacity during the Company's investigation.  Thus, in

view of this Award and Plaintiff's own pleading, he cannot viably claim an inference of

discrimination as a matter of law, and therefore fails to raise "a right to relief above the speculative level." *See Bell Atlantic*, 127 S. Ct. at 1965.

Indeed, courts have dismissed similarly deficient pleadings where no inference of discrimination has been plead. *See Jones,* 2007 U.S. Dist. LEXIS 60241, at *7-8 (granting motion to dismiss where the "pleadings contain no evidence, which if believed, would support an inference of discrimination"); *Hylton v. RY Mgmt.,* 05 CV 6710, 2006 U.S. Dist. LEXIS 51364, at *16 (S.D.N.Y. July 25, 2006) (following an arbitration award sustaining plaintiff's termination for just cause, the court dismissed discrimination claims where plaintiff put forth "conclusory allegations . . . devoid of any factual assertion or conditions giving rise to an inference of discrimination."); *DuPont v. Stroheim & Romann, Inc.*, No. 86 Civ. 198, 1986 U.S. Dist. LEXIS 17445, at *8 (S.D.N.Y. Nov. 20, 1986) (dismissing discrimination claims where plaintiff failed to allege facts upon which the Court could find a violation of Title VII after an arbitrator had previously found just cause for plaintiff's termination).

### B.    Plaintiff Pleads, And Has, No Valid Retaliation Claim Under Title VII

UPS is entitled to judgment under Rule 12(c) on Plaintiff's unlawful retaliation claim under Title VII because Plaintiff does not – and cannot – plead the essential elements of such a claim. *See Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 461 (S.D.N.Y. 2007) (stating the elements of a retaliation claim: "(1) [plaintiff] was engaged in an activity protected under Title VII; (2) the employer was aware of her participation in the protected activity; (3) the employer took adverse action against her; and (4) a causal connection existed between her protected activity and the adverse action taken by the employer.") (citing *Mack v. Otis Elevator Co.*, 326 F.3d 116 (2d Cir. 2003)).

Plaintiff has not – and cannot – plead a causal connection between any protected activity and his termination from UPS.   The only inference Plaintiff attempts to draw is based on the timing of his termination in reference to any protected activity.[10]   However, Dennis I was filed nearly *eight months* before the events that led to Plaintiff's October 2006 termination.   *See* Answer, Ex. 1; Compl. ¶ 29.   The lack of temporal proximity between his alleged protected activity and his termination – particularly in light of his dishonesty during the Company's investigation – completely negates any causal connection or inference of retaliation.   *See Harrison v. N.Y. City Hous. Auth.*, 01 Civ. 3664, 2001 U.S. Dist. LEXIS 21551, at *11-12 (S.D.N.Y. Dec. 20, 2001).   *See also Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (holding that a three and one-half month interval between protected activity and the alleged retaliation may fail to demonstrate a causal connection); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (stating that temporal proximity must be very close).   Thus, Plaintiff's claim invalid as a matter of law and should be dismissed.

In addition, the intervening cause for Plaintiff's termination – his poor performance and mendacity, as alleged and established in the Arbitration Award (*see infra* Section I.A.2), also establishes that Plaintiff cannot plead a causal connection to support his Title VII retaliation claim.   *See Reyes v. City Univ. of N.Y.*, 06-Civ. 3639, 2007 U.S. Dist. LEXIS 55101, at *13 (S.D.N.Y. July 26, 2007) (dismissing plaintiff's retaliation claim under Title VII, the NYSHRL and NYCHRL where the plaintiff "pleads not a single fact tending to link" protected activity with an adverse employment action).   *See also, Lambert v. New York State Office of Mental Health*, No. 97 Civ. 1437, 2000 WL 574193 at *13 (E.D.N.Y. Apr. 24,

---

[10] Based on the underlying administrative charges filed in Dennis II and III, Plaintiff's retaliation claim under Title VII can only be premised on the protected activity of Plaintiff's filing of Dennis I with the EEOC and SDHR in February 2006. *See* Answer, Exs. 1, 5, 6.

2000)("[T]here were developments between" the date of the protected activity and the adverse employment action "that provided valid, non-discriminatory reasons for the adverse employments actions and that undermine the plausibility of the casual connection [Plaintiff] seeks to establish.").

## II.    UPS IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S STATE AND LOCAL LAW CLAIMS

On two alternative independent grounds, Plaintiff's claims of unlawful discrimination and retaliation under the New York Human Rights Law ("NYHRL") and the New York City Administrative Code ("NYC Code") are not viable: (1) the Complaint does not – because Plaintiff cannot – state a claim of unlawful discrimination or retaliation under the applicable legal standards, and (2) Plaintiff is barred from raising his state and local claims in any court because he has elected to pursue his remedies for such claims before the SDHR, which dismissed them for lack of probable cause. As a matter of law, he cannot end run that determination – the election of remedies doctrine forbids exactly that.

For the reasons set forth in Sections I.A.2 and I.B. above, Plaintiff does not – and cannot – state a claim for unlawful discrimination or retaliation under the HRL or the NYC Code because the analysis under each statute is the same as under Title VII. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir. 2000) (applying the same legal standards and analysis to claims of discrimination and retaliation arising under Title VII, the NYHRL, and the NYC Code).

Moreover, and in and of itself a separate independent basis for dismissal, Plaintiff is barred here by his own election of remedies and the SDHR's utter rejection of his claims. As a result, this Court lacks subject matter jurisdiction over such claims.[11] *See Forbes v. State Univ.*

---

[11] As a consequence of the election of remedies doctrine, this Court lacks subject matter jurisdiction over Plaintiff's state and local discrimination claims. *See e.g., Scaglione v. Chappaqua Cent. Sch. Dist.*, 209 F. Supp. 2d

*of N.Y.*, 259 F. Supp. 2d 227, 235 (E.D.N.Y. 2003) ("[I]f a litigant brings a discrimination complaint before the NYSDHR, she may not bring a subsequent judicial action based on the same incident.") (citing *York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); New York Executive Law § 297(9) (McKinney's 2005) (providing that any person with a claim under the NYHRL may proceed with an action "in any court of appropriate jurisdiction for damages . . . *unless* such person has filed a complaint hereunder or with any local commission on human rights") (emphasis added)).[12]

The election of remedies doctrine bars an individual who has filed a complaint with the SDHR (under the NYHRL or the NYC Code) from also filing a claim in federal or state court based on the same set of facts. *See Lennon v. NYC Health & Hosp. Corp.,* No. 03 Civ. 2427 (RWS), 2005 WL 2464687, *9 (S.D.N.Y. Oct. 6, 2005) (dismissing complaint based on plaintiff's election of remedies by filing with the NYSDHR); *York,* 2001 U.S. Dist. LEXIS 9457, at *12 (same); *see also Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (S.D.N.Y. 1995); *Forbes v. State Univ. of N.Y.*, 259 F. Supp. 2d 227, 235 (E.D.N.Y. 2003) ("It is well settled that if a litigant brings a discrimination complaint before the NYSDHR, she may not bring a subsequent judicial action based on the same incident.") (citing *York v. Assoc. of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002)); *Carroll v. United Parcel Service, Inc.*, 2000 U.S. App. LEXIS 21268, at *9 (2d Cir. Aug. 21, 2000).

---

311, 312 (S.D.N.Y. 2002) ("[a]lthough subject matter jurisdiction is usually challenged by way of a Rule 12(b)(1) motion to dismiss, it may also be raised on a Rule 12(c) motion for judgment on the pleadings.") (citation omitted).

[12] The New York City Administrative Code also bars a person who has filed a complaint with *either* the city human rights agency *or* the SDHR from filing a judicial action under the NYC Code based on the same alleged discriminatory practice. *See York v. Ass'n. of the Bar of the City of New York*, No. 00 Civ. 5961, 2001 U.S. Dist. LEXIS 9457, *15 (S.D.N.Y. July 9, 2001). *See also McNulty v. New York City Dep't of Fin.*, 45 F. Supp.2d. 296, 303 (S.D.N.Y. 1999); N.Y.C. Admin Code § 8-502(a) (employees asserting claims under the NYC Code "shall have a cause of action in any court of competent jurisdiction for damages . . . *unless* such person has filed a complaint with the City Commission on Human Rights or with the State Division of Human Rights with respect to such alleged unlawful discriminatory practice") (emphasis added).

Plaintiff filed claims alleging discrimination and retaliation with the SDHR, and such complaints were either withdrawn and released by Plaintiff (Dennis I) or dismissed with findings of no probable cause (Dennis II and III).  *See* Answer, Exs. 1, 3, 5-8.  By filing these claims with the SDHR, and pursuing them to a conclusion, Plaintiff has elected the administrative forum and is clearly barred from reasserting these claims here.[13]   Accordingly, the Court should grant UPS's motion for judgment on the pleadings and dismiss Plaintiff's claims under the NYHRL and the NYC Code.

## III.    UPS IS ALSO ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1981

On two alternative independent grounds, Plaintiff's claim under Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981, hereinafter "Section 1981"), should be dismissed:  (1) the Complaint does not – because Plaintiff cannot – state a valid claim under the applicable legal standards, and (2) the claim is subject to preclusion based on the earlier findings and rulings by the SDHR in Dennis II and III.[14]

For the reasons set forth in Section I.A.2 and I.B. above, Plaintiff does not  – and cannot – state a claim under Section 1981 as a matter of law.  *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75 (2d Cir. 2000) (stating that courts should analyze Section 1981 claims under the standards applicable to claims pled under Title VII); *Winkfield v. N.Y.C. Dept of*

---

[13] While Dennis I was not decided on the merits, it was withdrawn by Plaintiff with prejudice, and Plaintiff's claims therein of alleged discrimination against UPS were, and remain, subject to the full release of claims given by Plaintiff to UPS as of April 13, 2006 under the Settlement Agreement. *See* Answer, Ex.2.  That release bars Plaintiff from pursuing here any claims against UPS arising on or before April 13, 2006, including, without limitation, the claims of discrimination asserted in Dennis I.  *See Laramee v. Jewish Guild for the Blind*, 72 F. Supp. 2d 357, 361 (S.D.N.Y. 1999) (dismissing claims under Rule 12(b)(6) where plaintiff had earlier entered into a release agreement with the defendant); *In Re Leslie Fay Companies, Inc.,* No. 97-Civ. 2244, 1997 WL 555607, at *1 (S.D.N.Y. Sept. 4, 1997).

[14] In addition, for the reasons set forth in footnote 13, above, any of Plaintiff's claims (including, without limitation, those under Section 1981) that arise prior to April 13, 2006 are waived and barred under the release given in the Settlement Agreement. *See* Answer, Ex.2.

*Correction,* No. 97 Civ 2183, 1998 WL 778390, at * 1 (S.D.N.Y. Nov. 6, 1998) (Baer, J.)

(dismissing Section 1981 claim and concluding that "[t]he elements required to make out a claim

under 42 U.S.C. § 1981 are the same as those required to make out such a claim under Title

VII").[15]

     As an independent, alternative basis for dismissal, it is well settled that plaintiffs are

collaterally estopped from raising discrimination or retaliation claims under Section 1981 where

the very same issues have been decided on the merits by the SDHR. *See DeCintio v. Westchester

County Med. Ctr.,* 821 F.2d 111, 117-18 (2d Cir. 1987); *Johnson v. County of Nassau,* 411 F.

Supp. 2d 171, 178 (E.D.N.Y. 2006) (stating that "[w]ith respect to employment discrimination

claims under [Section 1981] . . . the Supreme Court has held that 'when a state agency acting in

a judicial capacity resolves disputed issues of fact properly before it which the parties have had

an adequate opportunity to litigate, federal courts must give the agency's factfinding the same

preclusive effect to which it would be entitled in the State's courts'") (citing *Univ. of Tenn. v.

Elliott,* 478 U.S. 394, 422 (1966) (internal citations omitted)); *Mendez v. City of N.Y. Human Res.

Admin.,* No. 04 Civ. 0559, 2005 U.S. Dist. LEXIS 24632, at *6-7 (S.D.N.Y. Oct. 24, 2005)

(finding that where the SDHR had found no probable cause of discrimination, "all claims

contained in the charges filed with the SDHR, and which were decided by the SDHR, other than

Title VII claims, are precluded and are dismissed."); *see also Benson v. N. Shore-Long Island

Jewish Health Sys.,* 482 F. Supp. 2d 320, 327 (E.D.N.Y. 2007); *Mendoza v. SSC&B Lintas,* 799 F.

Supp. 1502 (S.D.N.Y. 1992).

---

[15] Insofar as the Second Circuit has previously held that retaliation claims under Section 1981 are viable (*see Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684, 693 (2d Cir. 1998)), the Supreme Court has recently heard arguments on this very issue in *CBOCS West, Inc. v. Humphries,* 06-1431.

Here, the acts of discrimination and retaliation alleged by Plaintiff were previously brought before the SDHR and were either withdrawn and released by Plaintiff (Dennis I) or resolved against Plaintiff on the merits (Dennis II and III). Accordingly, under *DeCintio, Johnson,* and the other cases cited above, Plaintiff is collaterally estopped from re-litigating those issues here, and his Section 1981 claim should be dismissed.

It is also noteworthy that the Arbitrator reached the same conclusion after hearing the testimony and reviewing the evidence presented. The Arbitrator found that Plaintiff was terminated for just cause – i.e., his dishonesty during UPS's investigation into his loss of the high value packages. *See* Answer, Ex. 4. This finding amplifies and underscores the SDHR's conclusion that Plaintiff was **not** subject to any unlawful discrimination or retaliation, but instead was terminated for legitimate, non-discriminatory reasons. *See* Answer Exs.7, 8.

## IV.    UPS IS ENTITLED TO JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S DEFAMATION CLAIM

On three alternative independent grounds, Defendant is entitled to judgment under Rule 12(c) on Plaintiff's defamation claim: (1) Plaintiff's bare, conclusory allegations are legally insufficient to support a claim of defamation, (2) any alleged defamatory statements, if not barred by the applicable statute of limitations, would in any event be protected by well-recognized privileges afforded to employers as well as to statements made in arbitration; and (3) Plaintiff's defamation claim is also preempted by Section 301 of the LMRA.

### A.    Plaintiff Had Not Sufficiently Pled A Claim Of Defamation

In his Complaint, Plaintiff has completely failed to plead the essential elements of a defamation claim under New York law. *See Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000) (citing the elements: "(i) a false and defamatory statement of fact, (ii) of or

17

concerning the claimant, (iii) publication to a third party, and (iv) injury to the claimant as a result").

Other than to state that UPS allegedly made "false representations about the plaintiff that he is a thief and a fraud," Plaintiff's Complaint offers none of the requisite specificity. *See* Compl., Cause of Action A.5(i). It does not identify in any way the statements made by UPS that were allegedly defamatory. Nor does it allege who made such statements, or when, in what context, or to whom such statements were allegedly made. *See* Compl. ¶¶ 29, Cause of Action A.5.

Courts in the Second Circuit routinely dismiss defamation claims that are so conclusory and woefully lacking in detail or information. *See Scholastic*, 124 F. Supp. 2d at 849-50 (dismissing defamation claim where plaintiff failed to "identify who made the alleged statements, at what times or places, and to whom the statements were made.") (citing *Keady v. Nike, Inc.*, 116 F. Supp. 2d 428, 439 (S.D.N.Y. 2000)); *Mills v. Miteq, Inc.*, CV 06-752, 2007 U.S. Dist. LEXIS 76488, at *10 (E.D.N.Y. Sept. 14, 2007) ("[i]t is well-settled under New York law that a defamation claim must set forth the words complained of and the person or persons to whom the alleged defamatory comments were made"); *Meyer v. Zubak*, 97 Civ. 1395, 2000 U.S. Dist. LEXIS 1216, at *8 (S.D.N.Y. 2000) ("A defamation claim is, thus, sufficient if there is 'an adequate identification of the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated.'") (*quoting Broome v. Biondi*, 96 Civ. 805, 1997 U.S. Dist. LEXIS 1431, at *7 (S.D.N.Y. Feb. 10, 1997)).

For this reason alone UPS's Rule 12(c) motion should be granted.

**B.    Any Alleged Defamatory Statements Are Either Barred Under the Applicable Statute of Limitations Or Protected By An Absolute Privilege**

In addition, and as alternative independent grounds for granting the Rule 12(c) motion, Plaintiff's defamation claim is not actionable because it is either barred by the applicable one-year statute of limitations and/or is otherwise premised on statements that were made by UPS in the context of the grievance arbitration proceeding before Arbitrator Shriftman and therefore subject to an absolute privilege under New York law. *See* N.Y. Civ. Prac. L. & R. § 215(3) (providing a one-year statute of limitations for tort claims of defamation).

Because Plaintiff's Complaint was filed on November 2, 2007, any alleged statements made by UPS outside the one-year limitations period (i.e., ***before*** November 2, 2006), including those made in connection with Plaintiff's termination and the related investigation in October 2006, could not, as a matter of law, be the basis of an actionable defamation claim here. *See Gold v. Berkin*, 00 Civ. 7940, 2001 U.S. Dist. LEXIS 1206 (S.D.N.Y. Feb. 9, 2001).

Indeed, any potentially actionable statements made by UPS within the one-year limitations period, (i.e., ***after*** November 2, 2006), as alleged, could only have occurred in the context of the grievance arbitration before Arbitrator Schriftman in December 2006. *See* Answer, Ex. 4. Under well-settled legal principles of New York law, any statements made by UPS in that context were subject to an absolute privilege and are not actionable as a consequence. *See Lacher v. Engel*, 33 A.D.3d 10, 16, 2006 N.Y. App. Div. LEXIS 8132 (1st Dept 2006) ("It is further undisputed that the same common-law privilege that applies to the complaint also applies to the statements made in the course of the arbitration.") (citing *Andrews v. Gardiner,* 224 N.Y. 440, 446, 121 N.E. 341, 343 (1918) (absolute privilege applies "before tribunals having attributes similar to those of courts")). *See also Lettis v. United States Postal Serv.*, 39 F. Supp. 2d 181, 206 (E.D.N.Y. 1998) (concluding that testimony at a labor arbitration cannot form the basis of a defamation claim and stating that to permit "a defamation suit arising

19

from testimony proffered at an arbitration would undermine federal labor policy, which encourages settlement of labor disputes through nonjudicial means. The chilling effect resulting from the possibility of a defamation claim against a witness would loom over every arbitration and would jeopardize the entire contract process."); *Snyder v. Consolidated R. Corp.*, 87-CV-1007, 1988 U.S. Dist. LEXIS 9614, at *5-6 (N.D.N.Y. Sept. 2, 1988).[16]

### C.    Plaintiff's Defamation Claim is Preempted by LMRA § 301

As a third alternative and independent basis for granting the Rule 12(c) motion, Plaintiff's defamation claim also fails because it is preempted by Section 301 of the LMRA. Plaintiff's defamation claim is squarely premised on the events and circumstances surrounding his termination from UPS. Thus, any analysis of the defamation claim would require an interpretation of the just cause provision contained in CBA – *i.e.*, whether Plaintiff was responsible for the loss of the packages and dishonest during UPS's investigation into such loss. *See Korthas v. Northeast Foods, Inc.*, 5:03 CV 552, 2006 U.S. Dist. LEXIS 18846, at *22 (N.D.N.Y. Feb. 27, 2006) (where an employer was required to articulate just cause for plaintiff's termination, the nature of statements made to the employee's union about the employee's misconduct require "an interpretation of the CBA." As such, "[plaintiff's] defamation claim [was] preempted by § 301 of the LMRA"); *Caci v. Laborers Int'l. Union of North America*, 97-CV-0034A, 2000 U.S. Dist. LEXIS 4876, at *3 (W.D.N.Y. Mar. 31, 2000) (citing *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620 (8th Cir. 1989)); *Peek v. Philadelphia Coca-Cola Bottling Co.*, 97-3372, 1997 U.S. Dist. LEXIS 10138, at *10 (E.D. Pa. July 8, 1997) ("[t]he application of

---

[16] Plaintiff's defamation claim also appears subject to another well-recognized privilege that protects statements made by an employer about an employee's job performance. *See Mills v. Unisource Worldwide, Inc.*, 04-CV-6324, 2005 U.S. Dist. LEXIS 42619, at * 13 (W.D.N.Y. Mar. 9, 2005) (dismissing plaintiff's defamation claim under Rule 12(b)(6) based on such privilege).

state defamation law therefore requires a consideration of the scope and existence of any privilege created by the CBA as part of [the employer's] investigative authority."). Accordingly, under *Korthas*, *Caci* and *Peek*, Plaintiff's defamation claim is preempted by Section 301 and should be dismissed.

## V.    PLAINTIFF'S WRONGFUL TERMINATION CLAIM IS PREEMPTED BY LMRA § 301

UPS is entitled to judgment under Rule 12(c) on Plaintiff's wrongful termination claim. Plaintiff's purported state law claim of wrongful termination against UPS is plainly preempted by Section 301 of the LMRA and barred by the Arbitration Award which finally and properly sustained Plaintiff's termination under the CBA. The only employment contract here is the CBA between UPS and Local 804. *See O'Rourke v. Carmen M. Pariso, Inc.*, 06-CV-667A(F), 2007 U.S. Dist. LEXIS 60663, at *6-7 (W.D.N.Y. July 19, 2007) ("[i]t is also controlling law in this Circuit that where a collective bargaining agreement between a labor union and an employer provides a grievance procedure for resolution of disputes between the parties covered by the collective bargaining agreement, any claim for judicial relief that is within the scope of the collective bargaining agreement's grievance procedure is foreclosed as a ground for an action cast as a claim arising under state law.") (citing *Dougherty v. Amer. Telephone and Telegraph Co.*, 92 F.2d 201, 204 (2d Cir. 1990)); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *D'Amato v. Southern Conn. Gas Co.*, 97-CV838, 2000 U.S. Dist. LEXIS 18960, at *10 (D. Ct. Sept. 8, 2000).

Accordingly, Plaintiff's wrongful termination claim should also be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant UPS's motion and should enter an order dismissing the Complaint in its entirety and granting such other and further relief as the Court deems just and proper.

Dated: March 27, 2008
New York, New York

Respectfully submitted,

By: _____

Jonathan L. Sulds (JS-4674)
Jonathan L. Israel (JI-5882)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (telephone)
(212) 872-1002 (facsimile)

*Attorneys for Defendant United Parcel Service, Inc.*

22