Richard J. Rabin (RR-0037)
Evandro C. Gigante (EG-7402)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Attorneys for Defendant United Parcel Service, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CLIVE DENNIS,                                        :
                                                     :   Index No. 07-Civ-9754 (HB)
                          Plaintiff,                 :
                                                     :
        -against-                                    :
                                                     :
UNITED PARCEL SERVICE, INC. and                      :
LOCAL 804, I.B.T. UNION,                             :
                                                     :
                          Defendants.                :
-------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSAL OF THE COMPLAINT UNDER FED. R. CIV. P. 12(c)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................... 3

    I.     Plaintiff Attempts To Apply An Incorrect Legal Standard To Avoid Dismissal ............ 3

    II.    Plaintiff Improperly Seeks To Raise New Allegations In Response to UPS's Motion ............................................................................................................................ 4

    III.   Plaintiff Inappropriately Seeks to Re-Argue Matters Previously Litigated In Other Forums ........................................................................................................................... 5

CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

### CASES

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .................................................................. 1, 3

*Bernstein v. City of New York*, 06 Civ. 985, 2007 U.S. Dist. LEXIS 39286
    (S.D.N.Y. May 24, 2007) .................................................................................................... 4, 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................................ 3

*Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ..................................................... 4

*DuPont v. Stroheim & Romann, Inc.*, No. 86 Civ. 198, 1986 U.S. Dist. LEXIS 17445
    (S.D.N.Y. Nov. 20, 1986) ......................................................................................................... 5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 411 F. Supp. 2d 377 (S.D.N.Y. 2006) ................... 4

*Hylton v. RY Mgmt.*, 05 CV 6710, 2006 U.S. Dist. LEXIS 51364
    (S.D.N.Y. July 25, 2006) .......................................................................................................... 5

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), *cert granted by Ashcroft v. Iqbal*, 2008 U.S.
    LEXIS 4906, 76 U.S.L.W. 36541 (June 16, 2008) .................................................................. 3

*Lerner v. Forster*, 240 F. Supp. 2d 233 (E.D.N.Y. 2003) ............................................................... 4

*Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273 (S.D.N.Y. 2002) ................ 4

### STATUTES

42 U.S.C. § 1981 ......................................................................................................................... 1, 2

## PRELIMINARY STATEMENT

Plaintiff's Opposition[1] fails to respond to the following case-determinative points set forth in UPS's moving brief, thus conceding the merit of UPS's motion:

- Any and all claims arising on or before April 13, 2006 are barred by the global release Plaintiff executed on that date, covering any and all claims Plaintiff had against UPS as of that date.

- Plaintiff's wrongful termination claim is preempted by Labor Management Relations Act ("LMRA") § 301, due to a binding arbitration decision rendered by a duly-appointed neutral arbitrator after a four (4) day hearing conducted pursuant to the collective bargaining agreement between UPS and Plaintiff's Union.

- Plaintiff's discrimination claims under Title VII fail, as Plaintiff has failed to exhaust his administrative remedies as required by the statute.

- Plaintiff's state law discrimination claims are precluded by Plaintiff's prior election of an administrative remedy to resolve such claims. Plaintiff already has pursued these claims in full before the New York State Division of Human Rights ("SDHR"), which dismissed the claims with "no probable cause" findings.

- Plaintiff also fails to sufficiently plead that he is qualified for the position of a UPS driver and offers no facts giving rise to an inference of discrimination, thus failing to state a viable discrimination claim under *Bell Atl. Corp. v. Twombly*.[2]

- Plaintiff's retaliation claim fails because he has not plead a causal connection between any protected activity and his discharge. As the award of the duly-appointed labor arbitrator makes clear, Plaintiff was terminated due to his dishonesty during UPS's investigation and not because of any improper motive.

- Plaintiff's claim under 42 U.S.C. § 1981 fails because he has not satisfied the pleading standards for such a claim. Additionally, to the extent not waived in his April 2006 release of claims, Plaintiff's 1981 claims are clearly precluded by two "no probable cause" findings issued by the SDHR.

- Finally, Plaintiff's defamation claim fails, *inter alia*, because his conclusory allegations are insufficient under the pleading requirements for such claims and because his claim is barred by the one-year statute of limitations.

---

[1] "Plaintiff's Opposition" refers to Plaintiff's Affidavit in Opposition to UPS's Rule 12(c) Motion to Dismiss on the Pleadings.
[2] 127 S.Ct 1955, 167 L.Ed. 2d 929 (2007).

Rather than respond to these central arguments mandating dismissal, Plaintiff's Opposition instead veers into irrelevant and inappropriate subject matter, attempting to allege new facts and asserting bogus legal arguments. These efforts, too, fail, further warranting dismissal of the Complaint.[3]

As noted in UPS's moving brief, this is the *seventh separate action* Plaintiff has brought against UPS, with all previous claims having been dismissed on the merits (or settled with a global release). In a four-day arbitration challenging his termination, neutral arbitrator Elliott Shriftman not only found for UPS, but found Plaintiff to be among the least credible witnesses in 20 years of hearing cases:

> Th[is] Arbitrator has heard thousands of cases over the last twenty years. He cannot recall one where he had so frequently indicated in the margins of his notes how many times [Plaintiff] had lied. It was shocking, and the Arbitrator can well understand [the UPS labor manager's] frustration over the fact that he and other investigators had repeated difficulty in getting a straight answer or consistent ones from [Plaintiff]. Answer, Ex. 4 at 24.[4]

> [T]he Company had the right to conclude that, like a moving target in a carnival shoot booth, [Plaintiff's] versions of the events were never the same and were filled with deliberately evasive answers. *Id.* at 25.

> [T]he Company's ability to give good service and to protect the valuable products it is transporting from loss, in its many forms, depends greatly on the integrity of its Drivers and Loaders, among other job titles. [Plaintiff] cannot be relied on to fulfill this trust. *Id.* at 27.

---

[3] Notably, Plaintiff's opposition also marked the fifth time he has failed to adhere to a Court deadline. Despite this Court's June 3, 2008 Order that Plaintiff respond to the motion by July 7, he did not serve it on that date. Rather, he waited until the following day, and then served it only via U.S. mail, so that it was received by UPS's counsel only on July 14 – seven (7) days after it was due.

[4] UPS's Answer (including the attachments thereto) is attached as Exhibit 2 to the Affidavit of Evandro C. Gigante, Esq. in Support of UPS's Motion for Judgment on the Pleadings, dated March 27, 2008.

UPS has expended considerable time, money, and resources litigating Plaintiff's meritless claims (and then re-litigating those claims). We respectfully request that the Court dismiss this moribund Complaint with prejudice.

## ARGUMENT

### I. Plaintiff Attempts To Apply An Incorrect Legal Standard To Avoid Dismissal

As an initial matter, Plaintiff asserts an improper legal standard for a motion for judgment on the pleadings pursuant to Rule 12(c). The proper standard is not – as Plaintiff claims – whether it "appears beyond a reasonable doubt that the pleader can prove no set of facts in support of [its] claim." Plaintiff's Opposition Affidavit ("Opp. Aff.") at ¶¶ c-d, 3. Rather, as recently set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, a plaintiff attempting to survive a motion to dismiss has a more formidable burden: He or she must set forth factual allegations that "raise a right to relief above the speculative level" and plead "facts to state a claim for relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1965 (overruling the "no set of facts" standard that had been applied since the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007), *cert granted by Ashcroft v. Iqbal*, 2008 U.S. LEXIS 4906, 76 U.S.L.W. 36541 (June 16, 2008) (noting that the *Bell Atlantic* standard "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.").

Under the applicable *Bell Atlantic* standard, and for the uncontested reasons set forth in UPS's moving brief, Plaintiff has failed to plead facts that would render his claims plausible as a

3

matter of law. Thus, UPS's motion should be granted and Plaintiff's Complaint should be dismissed.[5]

## II.    Plaintiff Improperly Seeks To Raise New Allegations In Response to UPS's Motion

Plaintiff also spends a considerable portion of his opposition improperly attempting to assert new allegations which are not contained in his Complaint. For example, he devotes a significant portion of his affidavit to wholly new allegations of arbitrator bias and favoritism seemingly in effort to challenge the neutral arbitrator's finding that Plaintiff was terminated for just cause. *See* Opp. Aff. ¶¶ 5-6. These newly asserted claims, however, are not properly before the Court and should therefore not be considered. *See Bernstein v. City of New York*, 06 Civ. 985, 2007 U.S. Dist. LEXIS 39286, at *31-32 (S.D.N.Y. May 24, 2007) (rejecting claims set forth in *pro se* plaintiff's brief in response to motion for judgment on the pleadings where claims were not set forth in the amended complaint); *Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) ("[n]ew claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss.").[6]

Plaintiff also attempts to allege new facts that are completely irrelevant in response to UPS's motion. For example, he alleges that the packages he lost were not as valuable as UPS

---

[5] In addition, Plaintiff suggests that UPS's reliance on "extrinsic evidence" in its Rule 12(c) motion is improper. *See* Opp. Aff. ¶¶ a-b. However, this Court should consider the documents attached to UPS's Answer – including, the SDHR complaints and no probable cause findings, the April 13, 2006 settlement agreement in which Plaintiff waives and releases many of the same claims he attempts to assert here and the arbitrator's award finding that Plaintiff was properly terminated due to his repeated dishonesty – because such documents are clearly integral to Plaintiff's claims. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 411 F. Supp. 2d 377, 382 (S.D.N.Y. 2006) (citing, *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 276 (S.D.N.Y. 2002); *see also* UPS's Moving Brief ("Mov. Br.") at n.9.

[6] In his Complaint, Plaintiff makes no mention whatsoever of arbitrator bias or favoritism as a basis for discrimination by UPS or I.B.T. Local 804, nor does he seek vacatur of the arbitration award on those bases. Indeed, his attack on the arbitrator's award is clearly an attempt to redirect the Court's attention away from the arbitrator's ultimate finding (reached after four days of hearings and testimony from six witnesses including Plaintiff himself) that Plaintiff was terminated as a result of his own repeated dishonesty during the course of UPS's investigation into his loss of several high-value packages. *See* Answer, Ex. 4.

4

claimed in the arbitration. *See* Opp. Br. at ¶¶ 6-7. In addition to being false, this allegation fails to raise an inference of discrimination and therefore does not militate against dismissal. *See e.g., Jones v. Consumer Info. Dispute Resol.*, 06-Civ-1809, 2007 U.S. Dist. LEXIS 60241, at *7-8 (S.D.N.Y. Aug. 15, 2007) at *7-8 (granting motion to dismiss where the "pleadings contain no evidence, which if believed, would support an inference of discrimination. . ."); *Hylton v. RY Mgmt.*, 05 CV 6710, 2006 U.S. Dist. LEXIS 51364, at *16 (S.D.N.Y. July 25, 2006) (following an arbitration award sustaining plaintiff's termination for just cause, the court dismissed discrimination claims where plaintiff put forth "conclusory allegations . . . devoid of any factual assertion or conditions giving rise to an inference of discrimination."); *DuPont v. Stroheim & Romann, Inc.*, No. 86 Civ. 198, 1986 U.S. Dist. LEXIS 17445, at *8 (S.D.N.Y. Nov. 20, 1986) (dismissing discrimination claims where plaintiff failed to allege facts upon which the Court could find a violation of Title VII after an arbitrator had previously found just cause for plaintiff's termination).

### III. Plaintiff Inappropriately Seeks to Re-Argue Matters Previously Litigated In Other Forums

As noted above, and in UPS's moving brief (at Sec. V), Plaintiff's Complaint inappropriately attempts to re-litigate matters already decided in a four-day arbitration hearing before Arbitrator Shriftman. Plaintiff also attempts to re-litigate his Workers Compensation discrimination claim, which was decided in UPS's favor by an Administrative Law Judge and currently is pending before the New York State Workers' Compensation Board.[7] *See* Opp. Aff. ¶¶ 6-8. Indeed, the ALJ – much like the SDHR, the New York State Unemployment Insurance Appeal Board and the neutral arbitrator before it – found that Plaintiff was terminated because of

---

[7] The Administrative Law Judge found that Plaintiff was *not* terminated in retaliation for having asserted a Workers Compensation claim. *See* Mov. Br. at n. 6.

5

his mendacity in connection with UPS's investigation into Plaintiff's loss of several packages. Thus, because Plaintiff did not include any such claim in his Complaint, and because he can only raise such claims with New York State Workers' Compensation Board, it is not properly before this Court. *See* N.Y. Workers' Comp. L. § 120.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in UPS's Memorandum of Law in Support of its Motion for Judgment on the Pleadings, UPS respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss the Complaint in its entirety with prejudice.

Dated: July 25, 2008
New York, New York

        Respectfully submitted,

        AKIN GUMP STRAUSS HAUER & FELD LLP

        By: _____
            Richard J. Rabin, Esq. (RR-0037)
            Evandro C. Gigante, Esq. (EG-7402)
            590 Madison Avenue
            New York, NY 10022-2524
            (212) 872-1000 (telephone)
            (212) 872-1002 (facsimile)

        *Attorneys for Defendant United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of July, 2008, I electronically filed the foregoing Reply Memorandum in Further Support of Defendant United Parcel Service, Inc.'s Motion for Judgment on the Pleadings with the Clerk of the District Court using its CM/ECF system, and I caused a true and correct copy of the foregoing to be served by overnight delivery in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, upon the following:

Mr. Clive Dennis
120-55 166th Street - 1st Floor
Jamaica, New York 11434
*Plaintiff*

Hanan B. Kolko, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
New York, New York 10018
*Attorneys for Defendant, Local 804, I.B.T.*

EVANDRO C. GIGANTE (EG-7402)
*Akin Gump Strauss Hauer & Feld LLP*
590 Madison Avenue
New York, New York 10022
(212) 872-1039 (Telephone)
(212) 872-1002 (Facsimile)

*Attorneys for Defendant United Parcel Service, Inc.*