UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLIVE DENNIS,                                           :
                                                       :
                                Plaintiff,     :     07 Civ. 9754 (HB)
                                                       :
      -against-                                       :     OPINION & ORDER
                                                       :
LOCAL 804, L.B.T. UNION,                                :
                                                       :
                                Defendant.     :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge[*]:**

        Plaintiff Clive Dennis ("Dennis") filed a Complaint against Defendants United Parcel Service Inc. ("UPS") and Local 804 L.B.T. Union ("Union") that principally brought claims against UPS alleging race/national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, New York State Human Rights Law ("NYSHRL") and the New York City Administrative Code.  The Complaint alleged a single cause of action against the Union for unfair representation.  Dennis alleges that the legal representation that the Union provided in connection with an arbitration proceeding relating to Dennis's grievance against UPS was so deficient as to have been discriminatory in itself.  In an Opinion and Order dated November 20, 2008 ("November 20 Order"), this Court granted UPS's motion to dismiss all claims against it pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  The Union has now likewise filed a motion to dismiss Dennis's claim against it.[1]  For the reasons set forth below, the Union's motion is granted.

## I. FACTUAL BACKGROUND

        The facts of this case were discussed at length in the November 28 Order, and familiarity therewith is presumed.  *See Dennis v. United Parcel Serv. Inc.*, No. 07 Civ. 9754 (HB), 2008 WL 4945634, at *1-3 (S.D.N.Y. Nov. 20, 2008).  The facts are repeated here only to the extent they are relevant to the Union's instant motion to dismiss.

---

[*] Brittany Nilson, a Spring 2009 intern in my Chambers and a second-year law student at Brooklyn Law School, provided substantial assistance in the research for this opinion.
[1] In his opposition, Dennis argues that the Union's motion should be dismissed as procedurally deficient, as it was submitted in the form of a letter to the Court.  I decline Dennis's invitation to dispose of the motion on that ground.  This Court specifically entered an order directing the Clerk of this Court to docket the Union's letter as a motion to dismiss, and instructing that any response from Dennis was to be docketed as an opposition to a motion to dismiss.  *See* Order dated January 15, 2009 (Docket No. 26).  Accordingly, I will turn to the merits of the Union's motion.

1

Dennis began to work for UPS in 1990; his employment was governed by a collective bargaining agreement ("CBA") between UPS and the Union. Complaint ¶¶ 6, 14. Following termination of his employment as a package truck driver at UPS in June 2005, Dennis filed his first charge of discrimination with the New York State Division of Human Rights ("NYSDHR") against UPS in February 2006. *See* UPS's Answer Ex. 1. Ultimately, the parties settled the matter, and Dennis's employment was reinstated in exchange for his release of all claims against UPS that arose before April 13, 2006. *See* UPS's Answer Ex. 2. Thereafter, on October 6, 2006, UPS dispatched Dennis to pick up and deliver three packages. Complaint ¶ 20. Dennis alleges he picked up the packages, but upon return to his truck, he found it blocked by another vehicle. *Id.* ¶¶ 21-22. Dennis left the packages on the street unattended while he proceeded to "run around" looking for the driver to have him move his vehicle. *Id.* ¶ 22. While he stepped away from the packages, one of them went missing. *Id.* ¶ 23.

Following an investigation of the incident, UPS terminated Dennis's employment on October 19, 2006. UPS's Answer Ex. 4. The Union challenged the termination on Dennis's behalf and an arbitration proceeding commenced under the CBA; Dennis was permitted to continue to work while the arbitration proceeding was pending. UPS's Answer Ex. 5. On January 7, 2007, the arbitrator held that UPS had "just cause" to terminate Dennis's employment. UPS's Answer Ex. 4. The arbitrator's decision detailed the investigation UPS had conducted after the incident with the packages, the testimony of numerous witnesses, and the contents of the surveillance tape that had captured Dennis's actions on the day of the incident. *Id.* After hearing Dennis's testimony and the testimony of the witnesses and reviewing the record, the arbitrator found overwhelming evidence of Dennis's dishonesty. *Id.* Under the terms of the CBA, dishonesty was a ground for dismissal; accordingly, on January 15, 2007, as a result of the arbitrator's decision, UPS terminated Dennis's employment. UPS's Answer Ex. 6. After filing yet another charge against UPS with the NYSDHR and receiving a notice of right to sue, Dennis filed his Complaint in this action on November 2, 2007. He was represented by counsel at the time he filed his Complaint, but has been proceeding *pro se* since June 2, 2008.

## II.  LEGAL STANDARD

Initially it should be noted that the Union's motion does not state explicitly whether it seeks dismissal pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules. However, motions under these two provisions are governed by the same legal standard. *In re Ades & Berg Group*

2

*Investors*, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).  Thus, to survive a motion to dismiss under either Rule 12(b)(6) or Rule 12(c), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For the purposes of a motion to dismiss, a court must accept the facts alleged in the complaint as true, even if doubtful in fact, and draw all reasonable inferences in favor of the nonmoving party.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008); *United Res. Recovery Corp. v. Ramko Venture Mgmt.*, 584 F. Supp. 2d 645, 651 (S.D.N.Y. 2008).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).  In deciding a motion to dismiss, the Court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).  This standard requires "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### III.  DISCUSSION

There is a true dearth of factual allegations relating to the Union contained in Dennis's Complaint.  The extent of the allegations involving the Union's alleged wrongdoings are as follows: that the Union "breached its collective bargaining agreement with plaintiff by unfairly representing plaintiff at the arbitration hearing in this matter," Complaint ¶ 30; and that the Union's "unfair representation was so pervasive and purposefully done to aid defendant UPS's discrimination against the plaintiff because of his color . . . and national origin," *id.* ¶ 31.  The single cause of action alleged against the Union is denoted as "Unfair Representation."  As the Second Circuit has recognized, "[w]hen a union moves to dismiss an action against it, federal labor policy requires courts to construe liberally allegations that the union breached the duty of fair representation owed to its members." *Eatz v. DME Unit of Local Union No. 3 of the Int'l Bhd. of Elec. Workers, AFL-CIO*, 749 F.2d 29, 30 (2d Cir. 1986).  Accordingly, this Court will interpret the Complaint to have asserted all possible claims that it can reasonably be interpreted to have asserted.  Here, Dennis may have asserted two possible claims: (1) a "hybrid" claim for

unfair representation under section 301 of the National Labor Relations Act, 29 U.S.C. § 185; or (2) a free-standing claim against the Union for breach of its duty of fair representation.[2]

## A.   Statute of Limitations

Before reaching the merits of these claims, it should be noted (although the Union did not argue as much in its motion) that Dennis's unfair representation is time-barred, and should be dismissed on that basis alone.[3]   In its seminal case *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983), the U.S. Supreme Court held that the applicable statute of limitations for hybrid claims under § 301 is the six-month limitations period set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).  *Id.* at 171; *see also Marrero v. City of N.Y.*, 02 Civ. 6634 (DLC), 2003 U.S. Dist. LEXIS 4664, at *10 (S.D.N.Y. Mar. 31, 2003).  The Second Circuit subsequently held that "[d]ue to the undeniable resemblance and substantial overlap between unfair labor practices and breaches of the duty of fair representation,

---

[2] In its motion, the Union seems also to presume that Dennis intended to assert a free-standing discrimination claim against it under Title VII.  It is well-established that a union's breach of its duty of fair representation may render it liable under Title VII.  *E.g.*, *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 667-68 (1987); *Johnson v. Palma*, 931 F.2d 203, 208 (2d Cir. 1991); *Carrion v. Local 32B-32J Serv. Employees Int'l Union, AFL-CIO*, 03 Civ. 1896 (THK), 2005 U.S. Dist. LEXIS 4417, at *21-22 (S.D.N.Y. Mar. 21, 2005); *Agosto v. Correctional Officers Benevolent Ass'n*, 107 F. Supp. 2d 294, 303-04 (S.D.N.Y. 2000).  To the extent Dennis did intend to assert a Title VII claim, the Union correctly asserts that no such claim may stand against the Union.  It is undisputed that Dennis never named the Union in any of his administrative charges, nor did the NYSDHR name the Union in its notice of right to sue.  To be able to sue a party in federal court, a plaintiff must first file a charge against the party with the EEOC or an authorized state agency.  *See* 42 U.S.C. § 2000e-5(f)(1).  However, "[b]ecause these charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements," the Second Circuit recognized an exception to this rule where the unnamed defendants shares an "identity of interest" with the named party.  *See Johnson*, 931 F.2d at 209-11.  Courts in this Circuit consistently have held that a union does not share the requisite identity of interest with an employer such that it may be sued in the absence of an administrative charge against it.  *E.g.*, *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619-20 (2d Cir. 1999); *Bryant v. Delphi Auto. Sys. Corp.*, 08-CV-6215, 2009 U.S. Dist. LEXIS 33001, at *6-8 (W.D.N.Y. Apr. 17, 2009); *Brown v. George Weston Bakeries, Inc.*, 08-CV-00431 (CSH), 2009 U.S. Dist. LEXIS 14468, at *5-8 (D. Conn. Feb. 24, 2009); *Burke v. New Venture Gear Inc.*, 04-CV-1430, 2008 U.S. Dist. LEXIS 25155, at *22-23 (N.D.N.Y. Mar. 28, 2008); *Saidin v. New York City Dep't of Educ.*, 498 F. Supp. 2d 683, 688 (S.D.N.Y. 2007); *Spruill v. NYC Health & Hosp.*, 06 Civ. 11362 (WHP), 2007 U.S. Dist. LEXIS 63093, at *8-9 (S.D.N.Y. Aug. 28, 2007).

[3] Courts may dismiss a claim as time-barred *sua sponte* where, as here, it is clear that the applicable statute of limitations has run.  *See, e.g.*, *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (courts may dismiss a complaint on statute of limitations grounds *sua sponte*); *Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995), *cert. denied sub nom. Pataki v. Baker*, 516 U.S. 980, *vacated on other grounds*, 85 F.3d 919 (2d Cir. 1996) (en banc) ("[*Sua sponte dismissal*] is . . . appropriate if it appears from the face of the complaint that the action is barred, for example by expiration of the statute of limitations."); *Fezzani v. Bear, Stearns & Co., Inc.*, 384 F. Supp. 2d 618, 635 n.4 (S.D.N.Y. 2004) ("The Court has the power to dismiss . . . *sua sponte* on statute of limitations grounds when, as here, the basis for dismissal is apparent from the complaint."); *Cetenich v. Alden*, 11 F. Supp. 2d 238, (N.D.N.Y. 1998) (finding courts have "the power to sua sponte dismiss a complaint without leave to amend if it is clear that the statute of limitations has ran") (citation omitted); *see also Anderson v. Romano*, 08 Civ. 559 (JSR)(KNF), 2009 U.S. Dist. LEXIS 18287, at *2 (S.D.N.Y. Mar. 6, 2009); *Bartang Bank & Trust Co. v. Caiola*, 04 Civ. 2402 (DAB), 2006 U.S. Dist. LEXIS 67716, at *16-17 (S.D.N.Y. Sept. 18, 2006); *In re Ultrafem Inc. Secs. Litig.*, 91 F. Supp. 3d 678, 691 n.9 (S.D.N.Y. 2000).

[it] read[s] *DelCostello* to require that the § 10(b) six-month limitations period also be applied to unfair representation claims standing alone." *Eatz*, 794 F.2d at 33; *Ali v. New York City Transit Auth.*, 96 CV 2655 (SJ), 1998 U.S. Dist. LEXIS 19351, at *6-7 (E.D.N.Y. Nov. 6, 1998). A cause of action alleging breach of the duty of fair representation accrues when the plaintiff knows or reasonably should know that a breach of that duty has occurred. *Eatz*, 794 F.2d at 33; *Hussein v. Sheraton N.Y. Hotel*, 100 F. Supp. 2d 203, 207 (S.D.N.Y. 2000). Where an arbitration proceeding is held, the claim accrues when the arbitrator issues his or her decision or the arbitration proceeding is otherwise closed. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 163 (2d Cir. 1989); *Ruffolo v. Bevona*, 96 Civ. 3223 (PKL), 1997 U.S. Dist. LEXIS 2109, at *6-9 (S.D.N.Y. Mar. 3, 1997). Here, Dennis's claim against the Union for unfair representation accrued on January 7, 2007, the date on which the arbitrator issued his decision and the arbitration closed. Dennis did not file his Complaint in this matter until November 2, 2007 – nearly ten months later. Accordingly, irrespective of whether Dennis's claim is intended to be a hybrid claim or a stand-alone claim for unfair representation, it was filed well beyond the six-month limitations period and must be dismissed as time-barred.

**B.     Merits of the Union's Motion**

Even if the statute of limitations did not bar Dennis's unfair representation claim, the claim would nonetheless be dismissed on the pleadings. The U.S. Supreme Court recognized a hybrid section 301 unfair representation claim in *DelCostello*, 462 U.S. 151. There, the Court found:

> an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of [a] grievance or arbitration proceeding. Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.

*Id.* at 164. Thus, in a hybrid claim under § 301, an employee may sue the union, the employer, or both, but "must prove both (1) that the employer breached a collective bargaining agreement

and (2) that the union breached its duty of fair representation vis-à-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001).

Here, Dennis has failed adequately to allege facts supporting either prong of the hybrid claim. First, it is clear that UPS terminated Dennis's employment, at least in part, based on his blatant dishonesty regarding the circumstances of the loss of the package. As the arbitrator found, the CBA expressly authorizes termination on the basis of an employee's dishonesty. Moreover, as this court previously found, there is overwhelming support for UPS's argument that it terminated Dennis's employment as a result of his losing the package and lying to investigators. *See Dennis*, 2008 WL 4945634, at *4. Accordingly, Dennis has not alleged sufficient facts to support a claim that UPS, his employer, breached the terms of the CBA.

Dennis's claim also fails on the second prong of the § 301 claim, which requires him to allege facts to support an independent claim that the Union breached its duty of fair representation in its own right.[4] To establish a breach of the duty of fair representation, a plaintiff must set forth how the Union's conduct was arbitrary, discriminatory, or in bad faith. *Sim v. New York Mailers' Union*, 156 F.3d 465, 467 (2d Cir. 1998); *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 16 (2d Cir. 1993); *Hussein*, 100 F. Supp. 2d at 208. However, a union's duty of fair representation "permits a broad range of discretion in carrying out its role as representative, and judicial review of union actions must be 'highly deferential.'" *Yarde*, 360 F. Supp. 2d at 563 (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). Actions by a union "are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). While a union may violate its duty if it processes a grievance in a merely perfunctory fashion, "a plaintiff cannot prevail on such a claim unless [he] establishes that further action on the Union's part would have resulted in a favorable outcome." *Yarde*, 360 F. Supp. 2d at 563 (internal citations omitted). To be discriminatory, the precise claim that Dennis makes here, a union's actions must be "invidious" or "unlawful." *Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 05-CV-2666, 2005 U.S. Dist. LEXIS 14144, at *19 (E.D.N.Y. July 14, 2005) (citing *O'Neill*, 499 U.S. at 67).

---

[4] The standard for the second prong of a hybrid cause of action under section 301 and a stand-alone claim for breach of the duty of fair representation is the same. *See George v. United States Postal Serv.*, 266 Fed. Appx. 49, 50-51 (2d Cir. 2008); *Yarde v. Good Samaritan Hosp*, 360 F. Supp. 2d 552, 563-64 (S.D.N.Y. 2005); *Washington v. Professional, Clerical, Tech. Employees' Ass'n*, 01-CV-911A(F), 2003 U.S. Dist. LEXIS 25993, at *49-51 (W.D.N.Y. Dec. 1, 2003); *McGovern v. Local 456, Int'l Bhd. of Teamsters*, 107 F. Supp. 2d 311, 319-20 (S.D.N.Y. 2000).

Finally, to make out a claim that the union acted in bad faith, a plaintiff must allege "fraud, deceitful action or dishonest conduct." *Id.* (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299 (1971)). Courts have consistently held that "[a] union's mere negligence or error in the grievance or arbitration process is insufficient to constitute a breach of the union's duty of fair representation." *Id.*; *see also United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73 (finding mere negligence does not state a claim for unfair representation); *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989) (finding tactical errors in failing to present witnesses and inadequate representation by union agent were insufficient to demonstrate bad faith or arbitrariness); *Cook v. Pan Am. World Airways, Inc.*, 771 F.2d 635, 645 (2d Cir. 1985) (finding failure to prevail before arbitrator does not establish breach of duty of fair representation).

Plaintiffs' obligation to plead sufficient conduct to support an unfair representation claim has been characterized as an "enormous burden." *Nicholls*, 2005 U.S. Dist. LEXIS 14144 at *20. Indeed, as the Second Circuit has recognized,

> [i]n hindsight, any decision a union makes . . . may appear to the losing employee to be erroneous . . . . Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach. Proof of mere negligence or errors of judgment . . . is insufficient . . . . As long as the union acts in good faith, the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage.

*Barr*, 868 F.2d at 43-44 (internal citations and quotation marks omitted).

In this case, Dennis's Complaint fails to allege any facts that would support a claim for unfair representation. As noted above, the Complaint contains only two paragraphs that relate to the Union at all, and neither of those paragraphs contains any facts underlying the claim against the Union. Indeed, they are merely "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." *Achtman*, 464 F.3d at 337. In his opposition to the Union's motion, Dennis asserts, for the first time, specific facts that he argues support his claim. Specifically, he notes that: (1) the Union's attorney representing him at the arbitration refused to present available evidence in his defense or to call certain witnesses; (2) the Union failed to replace the attorney when, after the first day of arbitration proceedings, Dennis complained that he was "disgusted with the performance" of the attorney; and (3) on the second day of the arbitration,

7

the Union's attorney met privately with the arbitrator and did not provide any details of their conversation to Dennis. Initially, it would be inappropriate for the Court to consider these allegations on this motion, as they are not alleged in the Complaint. Moreover, even if the Court were to consider these allegations, it is clear that they are insufficient to meet Dennis's burden to show the Union's actions were arbitrary, discriminatory, or in bad faith, required under the law of this Circuit. Indeed, the cases are clear that a union attorney's failure to present evidence or witnesses or to prevail at the arbitration are insufficient to form the basis of an unfair representation claim. *See Rawson*, 495 U.S. at 372-73; *Barr*, 868 F.2d at 43; *Cook*, 771 F.2d at 645. Similarly, the Union attorney's failure to share the content of a brief conversation with the arbitrator does not rise to the level of arbitrariness, discrimination or bad faith. *See* Model Rules of Prof'l Conduct R. 1.4(a)(2)-(3), (b) (2007) ("A lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter; . . . [and] shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"); *see also Jet Star Enters. Ltd. v. CS Aviation Servs.*, No. 01 Civ. 6590, 2004 WL 350733, at *5 (S.D.N.Y. Feb. 25, 2004) (attorney's failure to inform client of withdrawal, while "no doubt careless, irresponsible, and likely violated ethical and professional responsibility standards," was insufficient to form extraordinary circumstances to vacate default judgment). While the Court takes no position on whether the attorney's failure to relay the conversation with the arbitrator to Dennis may violate certain obligations of professional responsibility, it is certainly not sufficiently egregious to rise to the level necessary to go forward with an unfair representation claim. Thus, even if Dennis's Complaint had alleged the facts underlying his claim to the same extent that his opposition to the instant motion describes them, his claim would nonetheless fail to survive dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Union's motion to dismiss Dennis's claim against it is GRANTED and the Complaint is dismissed with prejudice. The Clerk of this Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**
New York, New York
May 27, 2009

_____
U.S.D.J.

8